**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TERRY TIMMERMAN, | **Hon. Jerome B. Simandle** |
| Petitioner, | |
| v. | Civil Action No. 09-3724 (JBS) |
| UNITED STATES OF AMERICA, | **OPINION** |
| Respondents. | |

**APPEARANCES:**

>   TERRY TIMMERMAN, #57604-083
>   F.C.I. Fort Dix
>   P.O. Box 2000
>   Fort Dix, New Jersey  08640
>   Petitioner Pro Se

**SIMANDLE**, District Judge

Terry Timmerman filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the restitution and supervised release portions of his federal sentence.  Having thoroughly reviewed Petitioner's submissions, this Court will summarily dismiss the Petition for lack of jurisdiction.

## I.  BACKGROUND

On November 21, 2007, in the Eastern District of Virginia, United States District Judge Rebecca Beach Smith imposed the following sentence upon Petitioner, based on his guilty plea to wire fraud and engaging in unlawful monetary transactions: 63-month term of imprisonment, three years of supervised release,

$200 assessment, and restitution in the sum of $573,323.50, payable at the rate of at least $500 per month beginning 60 days from the inception of supervised release.  See United States v. Timmerman, Crim. No. 07-0118 (RBS) judgment (E.D. Va. Nov. 21, 2007).  Petitioner agreed in the plea agreement to plead guilty to two counts, each with a penalty including a three-year term of supervised release, and to pay restitution as ordered.  See Timmerman, Crim. No. 07-0118 plea agreement (E.D. Va. Aug. 17, 2007).  Petitioner did not appeal or seek relief by way of a motion pursuant to 28 U.S.C. § 2255 in the sentencing court, and the one-year period for doing so has expired.

Petitioner, who is now incarcerated at FCI Fort Dix in New Jersey, filed this Petition under 28 U.S.C. § 2241 on July 26, 2009.  Petitioner "moves that his Supervised Release and restitution be vacated" on the following grounds:

> Ground One: THE IMPOSITION OF SUPERVISED RELEASE IN THE MATTER OF A FIRST-TIME, NON-VIOLENT OFFENDER WAS NEVER INTENDED TO BE MANDATORY BY CONGRESS.
>
> Ground Two: RESTITUTION WAS ESTABLISHED AS A CRIMINAL PENALTY BY CONGRESS TO CODIFY THE HISTORICAL PENALTY IN WHITE COLLAR PROPERTY CRIMES THAT WAS IN CONFORMANCE WITH THE LAWS OF GOD, NOT TO INFLICT A GREATER PENALTY THAN THAT WHICH WAS CAUSED BY THE DEFENDANT, ANS WAS THUS PART OF THE ALTERNATIVE SENTENCING DESIGN OF THE CONGRESSIONAL REFORM.

(Pet. at pp. 4, 7.)

## **II.  DISCUSSION**

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Petitioner's § 2241 petition challenging the supervised release and restitution portions of his federal sentence may not be entertained in this Court unless a motion to vacate the sentence under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.[1]  See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).  A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope

---

[1] Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5.

3

or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." <u>Cradle v. U.S. ex rel. Miner</u>, 290 F.3d 536, 538 (3d Cir. 2002); <u>see also</u> <u>Dorsainvil</u>, 119 F. 3d at 251.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  <u>Cradle v. U.S. ex rel. Miner</u>, 290 F.3d 536, 539 (3d Cir. 2002).

In this case, Petitioner's claims are of the sort that the sentencing court could have entertained, and § 2255 is not inadequate or ineffective for Petitioner's challenges to his detention.  <u>See</u> <u>United States ex rel. Leguillou v. Davis</u>, 212 F.2d 681, 684 (3d Cir. 1954).  This Court will therefore dismiss the Petition for lack of jurisdiction.

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.


       **s/ Jerome B. Simandle**
       **JEROME B. SIMANDLE, U.S.D.J.**

Dated:     **January 19**  , **2010**